Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| ISAAC OROZCO GARCÍA Y OTROS<br><br>Recurrente<br><br>v.<br><br>MUNICIPIO AUTÓNOMO DE CAROLINA Y OTROS<br><br>Peticionaria | TA2025CE00140 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso número: CA2019CV01248<br><br>Sobre: Daños y Perjuicios |

Panel integrado por su presidenta, la Jueza Santiago Calderón, la Jueza Álvarez Esnard y la Jueza Díaz Rivera.

## R E S O L U C I Ó N

En San Juan, Puerto Rico, a 6 de agosto de 2025.

Comparece ante *nos*, el Municipio Autónomo de Carolina (Municipio o peticionario) mediante un recurso de *certiorari* al que anejó una *Urgente Moción en Auxilio de Jurisdicción* y nos solicita que revisemos una *Resolución* emitida el 28 de mayo de 2025, por el Tribunal de Primera Instancia (TPI o foro primario), Sala Superior de Carolina. Mediante el referido dictamen, el TPI declaró *No Ha Lugar* la solicitud de sentencia sumaria que presentó el Municipio, por el incumplimiento con los requisitos de forma establecidos en la Regla 36 de Procedimiento Civil (32 LPRA Ap. V).

Por los fundamentos que exponemos a continuación, se *deniega* el auto de *certiorari.*

### I.

Surge del expediente ante nuestra consideración que, el 12 de abril de 2019, Isaac Orozco García (Orozco García o recurrido) presentó una *Demanda* en contra del Municipio y otros, sobre daños y perjuicios. A grandes rasgos, el recurrido alegó que el 20 de abril de 2018, sufrió un accidente mientras caminaba por una acera

frente a la Escuela Elemental Luis Muñoz Rivera, situada en la Avenida Muñoz Rivera en el Municipio de Carolina.

Así, el recurrido arguyó que el accidente ocurrió por la negligencia incurrida por el Municipio y Capital Projects, Corp. (Capital), al mantener el área en condiciones de peligrosidad, no proveer el mantenimiento requerido y exponer a los transeúntes a este tipo de accidente, sin apercibir sobre la peligrosidad del área. Así pues, Orozco García reclamó el pago de $200,000.00, por los daños físicos sufridos; $75,000.00 por las angustias, sufrimientos mentales y daños morales; y $25,000.00 por las angustias, sufrimientos mentales y daños morales de Alejandrina Febres Morales, su esposa.

El 26 de junio de 2019, el Municipio presentó una *Contestación a Demanda*. En ajustada síntesis, negó la mayoría de los reclamos esbozados. Subsiguientemente, el 19 de febrero de 2021, la parte recurrida presentó una *Urgente Moción Solicitando Autorización para enmendar Demanda [...]*. En esta, solicitó permiso para enmendar la *Demanda* a los fines de incluir como codemandado a Capital. El 29 de julio de 2021, Capital presentó su *Contestación a Demanda Enmendada*, en la que afirmó que la causa incoada estaba prescrita.

Así las cosas, el 12 de agosto de 2021, el Municipio y Mapfre Praico Insurance Company (Mapfre) presentaron una *Demanda Contra Coparte*. Adujeron que, en virtud del contrato suscrito entre el Municipio y Capital, era esta última la que debía responder por el reclamo y relevar de responsabilidad al Municipio y a su aseguradora. El 3 de septiembre de 2021, Capital presentó una *Contestación a Demanda Contra Coparte*.

El 12 de febrero de 2022, el Municipio y Mapfre presentaron una *Moción de Sentencia Sumaria*, en la cual solicitaron que Capital proveyera una defensa ante el reclamo presentado y los liberara de

responsabilidad por el accidente ocurrido, al tenor de cierta cláusula incluida en el contrato suscrito entre el Municipio y Capital. Oportunamente, el 7 de marzo de 2022, Capital presentó una *Oposición a Solicitud de Sentencia Sumaria [...]*.

Entretanto, el 14 de marzo de 2022, el TPI emitió una *Sentencia Sumaria Parcial* mediante la cual declaró *Ha Lugar* parcialmente la solicitud de sentencia sumaria que presentó el Municipio. El 21 de marzo de 2022, la parte recurrida presentó una *Oposición a Solicitud de Desestimación Parcial por Prescripción.*

Ulteriormente, el 25 de abril de 2022, el foro primario emitió una segunda *Sentencia Sumaria Parcial* mediante la cual desestimó con perjuicio la *Demanda Enmendada* presentada en contra de Capital, por estar prescrita. Además, declaró *Ha Lugar* la solicitud de sentencia sumaria presentada por el Municipio el 12 de febrero de 2022, y, en consecuencia, liberó al ayuntamiento municipal de indemnizar a Orozco García por los daños reclamados en la demanda.

Luego de varios incidentes procesales, innecesarios pormenorizar, el 2 de mayo de 2025, la parte peticionaria presentó una segunda *Moción de Sentencia Sumaria.* En esta, esbozó que procedía dictar sentencia sumaria por no existir hechos materiales en controversia. Esto, pues no hay un reclamo válido por parte del recurrido en su contra. En respuesta, el 22 de mayo de 2025, Orozco García presentó una *Oposición a Moción de Sentencia Sumaria.*

Ante ello, el 28 de mayo de 2025, el TPI emitió una *Resolución* mediante la cual declaró *No Ha Lugar* la *Moción de Sentencia Sumaria* que presentó la parte peticionaria. Concluyó el foro primario que, la solicitud de sentencia sumaria no satisfacía los requisitos de forma establecidos en la Regla 36 de Procedimiento Civil, *supra.*

Inconforme, el 3 de junio de 2025, el Municipio presentó una *Moción de Reconsideración.* El 11 de junio de 2025, el recurrido presentó una *Oposición a Moción de Reconsideración.* Ese mismo día, el TPI emitió una *Resolución* mediante la cual declaró *No Ha Lugar* la solicitud de reconsideración. Dicha *Resolución* fue notificada a las partes el 12 de junio de 2025. Inconforme aun, el 12 de julio de 2025, la parte peticionaria compareció ante *nos* mediante un recurso de *certiorari* y alegó la comisión de los siguientes errores:

> **PRIMER ERROR**: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR NO HA LUGAR LA MOCIÓN DE SENTENCIA SUMARIA DE LA RECURRENTE POR ALEGADAMENTE NO CUMPLIR CON LOS REQUISITOS DE FORMA.
>
> **SEGUNDO ERROR**: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR NO HA LUGAR LA MOCIÓN DE SENTENCIA SUMARIA DE LA RECURRENTE SIN CUMPLIR CON LA REGLA 36.4 DE LAS DE PROCEDIMIENTO CIVIL.
>
> **TERCER ERROR**: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL NEGARSE A RECOSIDERAR SU NO HA LUGAR A LA MOCIÓN DE SENTENCIA SUMARIA, AÚN CUANDO LA COMPARECIENTE SUPLEMENTÓ SU MOCIÓN PARA CUMPLIR CON LAS EXIGENCIAS DE FORMA EN LAS QUE DICHO FORO SE BASÓ.
>
> **CUARTO ERROR**: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR NO HA LUGAR LA MOCIÓN DE SENTENCIA SUMARIA, PUES NO EXISTEN CONTROVERSIAS DE HECHOS, NI DERECHO, QUE IMPIDAN LA DISPOSICIÓN SUMARIA DE ESTE CASO.

El 14 de julio de 2025, emitimos una *Resolución* mediante la cual declaramos *No Ha Lugar* la solicitud de auxilio de jurisdicción. Asimismo, le concedimos a la parte recurrida hasta el 29 de julio de 2025, para presentar su posición al recurso. El 22 de julio de 2025, Orozco García presentó su *Oposición a la Expedición del Auto de Certiorari.* Contando con el beneficio de la comparecencia de todas las partes, procedemos a resolver.

## II.

### A. *Certiorari*

El auto de *certiorari* es el recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023). Véase, además, *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *800 Ponce de León v. AIG*, 205 DPR 163 (2020); *Pueblo v. Díaz de León*, 176 DPR 913 (2009). En particular, es un recurso mediante el cual se solicita la corrección de un error cometido por un foro inferior. *Torres González v. Zaragoza Meléndez, supra.* Así pues, la determinación de expedir o denegar un recurso de *certiorari* está enmarcada en la discreción judicial. *800 Ponce de León v. AIG, supra.* Es decir, la característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *BPPR v. SLG Gómez-López*, 2023 TSPR 145, 213 DPR ___ (2023). No obstante, la discreción judicial para expedir o no el auto de *certiorari* solicitado no ocurre en un vacío ni en ausencia de unos parámetros. *Torres González v. Zaragoza Meléndez, supra.*

A esos efectos, la Regla 52.1 de Procedimiento Civil (32 LPRA Ap. V) limita la autoridad de este Tribunal de Apelaciones para revisar las órdenes y resoluciones interlocutorias que dictan los tribunales de instancia por medio del recurso discrecional del *certiorari*. Véase, *Scotiabank v. ZAF Corp.*, 202 DPR 478 (2019). En lo pertinente, la precitada disposición reglamentaria, *supra*, dispone que:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de

decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia, al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Si ninguno de esos elementos está presente en la petición ante la consideración del Tribunal, procede abstenerse de expedir el auto, de manera que se continúen los procedimientos del caso, sin mayor dilación, ante el Tribunal de Primera Instancia. *García v. Asociación*, 165 DPR 311 (2005); *Meléndez Vega v. Caribbean Intl. News*, 151 DPR 649 (2000); *Lluch v. España Service Sta.*, 117 DPR 729 (1986).

Con el fin de que podamos ejercer de una manera sensata nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso, la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B, señala los criterios que debemos considerar al atender una solicitud de expedición de un auto de *certiorari*. *Torres González v. Zaragoza Meléndez, supra.* En lo pertinente, la precitada disposición reglamentaria dispone lo siguiente:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari*, o de una orden de mostrar causa:

A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G.  Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Nótese que, distinto al recurso de apelación, el auto de *certiorari,* por ser un recurso discrecional, debemos utilizarlo con cautela y por razones de peso. *Pueblo v. Díaz de León, supra.*

Ahora bien, el Tribunal Supremo de Puerto Rico reiteradamente ha indicado que la *discreción* significa tener poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. *Pueblo v. Rivera Santiago,* 176 DPR 559 (2009); *García v. Padró,* 165 DPR 324 (2005).  El adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". *Pueblo v. Ortega Santiago,* 125 DPR 203 (1990). Así pues, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. *BPPR v. SLG Gómez-López, supra.* Véase, además, *Pueblo v. Rivera Santiago, supra; S.L.G. Flores, Jiménez v. Colberg,* 173 DPR 843 (2008).

**III.**

En el caso ante *nos,* la parte peticionaria solicita que este Tribunal intervenga para que revisemos la *Resolución* emitida el 28 de mayo de 2025, por el foro primario.

Así, es la contención de la parte peticionaria que, erró el TPI al declarar *No Ha Lugar* su *Moción de Sentencia Sumaria* por alegadamente no cumplir con los requisitos de forma. Planteó, además, que erró el foro de instancia al declarar *No Ha Lugar* su *Moción de Sentencia Sumaria* sin cumplir con la Regla 36.4 de las de Procedimiento Civil, *supra.* Asimismo, acentuó que erró el TPI al negarse a reconsiderar su dictamen, aun cuando suplementó su solicitud para cumplir con las exigencias de forma en las que dicho foro se basó. Por último, indicó que erró el TPI al declarar *No Ha*

*Lugar* su *Moción de Sentencia Sumaria,* pues no existen controversias de hechos, ni de derecho, que impidan la disposición sumaria del caso.

Como es sabido, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. *BPPR v. SLG Gómez-López, supra.* No debemos obviar que, el adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". *Pueblo v. Ortega Santiago, supra.*

Así, puntualizamos, que el *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al., supra.* A esos efectos, la naturaleza discrecional del recurso de *certiorari* queda enmarcada dentro de la normativa que le concede deferencia de las actuaciones del foro primario, de cuyas determinaciones se presume su corrección.

Tras evaluar cuidadosamente el recurso presentado por el Municipio, y luego de una revisión de la totalidad del expediente ante *nos,* es nuestra apreciación que no se configuran ninguna de las excepciones que justificaría la expedición del auto de *certiorari* al amparo de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.* Así, los fundamentos aducidos en el recurso presentado, no nos mueven a activar nuestra función discrecional en el caso de epígrafe. Esto, pues no nos encontramos ante una determinación que configure abuso de discreción, prejuicio, parcialidad o error craso y manifiesto que amerite nuestra intervención revisora. Tampoco el peticionario nos ha persuadido de que, al aplicar la norma de abstención apelativa en este momento, conforme al asunto planteado, constituirá un fracaso de la justicia.

Por lo tanto, resolvemos denegar el *certiorari* solicitado, pues no identificamos fundamentos jurídicos que nos motiven a expedir el mismo.

**IV.**

Por los fundamentos antes expuestos, *denegamos* el auto de *certiorari.*

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones